UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JATON SYNTEL ROBERTS,<br><br>Petitioner,<br><br>vs.<br><br>RAPID CITY MINIMUM CENTER,<br><br>Respondent. | 5:26-CV-05008-RAL<br><br><br>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 |

Petitioner Jaton Syntel Roberts commenced this habeas corpus proceeding under 28 U.S.C. § 2254 against the Rapid City Minimum Center (Respondent), alleging that his incarceration violates (1) his Sixth Amendment right to effective assistance of counsel and (2) his Fifth Amendment right to due process due to his counsel's ineffective assistance and failure to communicate during the post-conviction appeal window. Doc. 1. Respondent moves to dismiss Roberts's petition without prejudice under Federal Rule of Civil Procedure 12(b)(6) because Roberts has not exhausted his available state remedies. Doc. 9. Roberts did not file a response in opposition to Respondent's motion to dismiss. Magistrate Judge Daneta Wollmann issued a Report and Recommendation to grant the motion to dismiss and to dismiss the petition without prejudice. Doc. 11. Roberts filed an objection to the Report and Recommendation. Doc. 12. For the reasons below, this Court now overrules Roberts' objection, adopts the Report and Recommendation, and dismisses the petition without prejudice.

1

## I.    Facts

Roberts pleaded guilty to and was convicted of Aggravated Assault in South Dakota state court and sentenced to seven years of imprisonment with three years suspended.  Doc. 1 at 1. Roberts asserts that his attorney, Matt Stephens, advised him to take the plea deal where, in exchange for Roberts' guilty plea, the prosecution would recommend a time served sentence of 150 days followed by a period of probation.  Id. at 4; Doc. 1-1 at 2 (plea offer indicating the prosecution "would recommend local jail with probation; otherwise both sides would be free to comment").  Roberts writes, "[Stephens] never told [Roberts] that his plea deal would include jail time too"; however, the change of plea hearing transcript calls Roberts's assertions about his understanding of the plea deal into doubt.  Doc. 1 at 4.[1]  Following Roberts's change of plea, the state court sentenced Roberts to seven years in state custody with three years suspended on May 6, 2025, and entered judgment against Roberts on May 12, 2025.  Id. at 4–5.  Shortly thereafter, the state court appointed Stephens to represent Roberts on any potential appeal.  R. at 201 (Order for Court Appointed Counsel dated May 14, 2025).

In his petition, Roberts asserts that during the month after his sentencing, he contacted his counsel's office with his significant other, Jade, to discuss initiating his appeal multiple times, but they could not reach Stephens.  Doc. 1 at 5.[2]  On June 11, 2025, after failing to get in contact with

---

[1] Respondent supplied this Court with a copy of the underlying record in the state criminal case, cited hereafter as "R. at _," and this Court takes judicial notice of those records.  Fed. R. Evid. 201.  At the change of plea hearing, the state court had the following exchange with Roberts before Roberts changed his plea: "You need to understand that the Court is not bound by the deal or any recommendations and could sentence you to the maximum which could be up to 15 years in the state penitentiary and/or a $30,000 fine.  Do you understand that?"  R. at 218.  Roberts replied, "Yes, sir," and then proceeded to enter a plea of guilty to the aggravated assault charge.  Id.
[2] In an email from Stephens to the state court judge, Stephens writes that Roberts "had submitted correspondence seeking an appeal, after his time for filing the notice had ran," and he added, "I did not believe there was merit to an appeal, in any event."  Doc. 1-1 at 3.

2

his counsel, Roberts mailed the state court, the prosecutor, and Stephens, "a motion to withdraw guilty plea, affidavit in support of motion to withdraw guilty plea, motion for hearing, and an affidavit in support of motion and notice of hearing." Id. at 5.[3] The state court judge emailed Stephens asking him to acknowledge receipt of Roberts's filings and reminding him of his appointment, after which, Roberts writes, Jade was finally able to schedule a meeting with Stephens. Id.

During a meeting on June 30, 2025, Roberts writes that Stephens informed Jade and Roberts that Roberts had missed the thirty-day appeal deadline and therefore recommended Roberts file a motion for a sentence modification. Id. In September 2025, Stephens filed that motion for sentence modification, which he wrote to the state court judge that Roberts had requested he file. Doc. 1-1 at 1, 5–6. Stephens also wrote to the state court judge that although Roberts had asked for an appeal too late, Stephens did not believe it was meritorious anyway. Id. at 1. Roberts's motion for sentence modification was denied on October 28, 2025. Id.

On January 27, 2026, Roberts filed this § 2254 petition in federal court, where he asserted violations of the Sixth and Fifth Amendments. Doc. 1. Roberts indicated on the petition form that he had not filed a direct appeal or a petition for habeas relief in South Dakota state court. Id. at 2. Following her review of the petition, Magistrate Judge Wollmann ordered in part that Roberts show cause as to why his petition should not be dismissed without prejudice for failure to exhaust his remedies in courts of the state of South Dakota. Doc. 3 at 4. Roberts responded that he "definitely did try the state court remedy first," and that his girlfriend had gone to the courthouse and come back with federal paperwork, which she was told she needed to file at the federal courthouse. Doc. 7 at 1. Roberts made numerous allegations of being misled by various actors,

---

[3] The record before this Court is unclear, but it appears that these motions were denied.

including his attorneys, the judge, the state bar association, and the employees at the courthouse. See Docs. 7, 7-1. Roberts then supplemented this letter with a paragraph explaining that procedural default may be excused for "cause" or actual innocence. See Doc. 8 (citing 28 U.S.C. § 2254(b)(1)(A)).

Following Respondent's motion to dismiss for failure to exhaust, Magistrate Judge Wollmann issued a Report and Recommendation that the petition be dismissed for failure to exhaust. Doc. 11. Magistrate Judge Wollmann concluded, "Roberts has failed to demonstrate that the issues raised in his § 2254 petition have been exhausted in state court" while "Respondent accurately outlines various avenues that [] Roberts can seek relief from the state court." Id. at 7. Magistrate Judge Wollmann further concluded that Roberts had not demonstrated cause or prejudice or a fundamental miscarriage of justice qualifying for an exemption to exhaustion. Id. (citing Murray v. Carrier, 477 U.S. 478, 491 (1986); Engle v. Isaac, 456 U.S. 107, 135 (1982)).

Roberts filed an objection and again asserted that "the Circuit Court clerks purposely misled my girlfriend with the state habeas." Doc. 12 at 1. Roberts added that his girlfriend had recently attempted to file a state habeas and noted, "I just don't like being told I didn't do something when I know I at least tried to, the right way and with proof, yet I feel like the state is stalling for time." Id. at 1–2. Finally, in a letter filed after Roberts's objection, Roberts updated this Court that his state habeas petition had been denied in Pennington County state court, so his "state remedies are exhausted." Doc. 13 at 1.

## II.    Discussion

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process" before presenting the issues in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court of the United States has stated:

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Id. (cleaned up and citation omitted). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citation omitted). A petitioner has not exhausted state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Respondent has moved to dismiss this petition as Roberts had not exhausted his state remedies before filing his § 2254 petition in federal court. Doc. 10 at 14 ("Roberts concedes that his claims are unexhausted, noting he has not sought a direct appeal or state habeas relief. That's enough to dismiss this case." (citing Doc. 1 at 2–6; Carmichael v. White, 163 F.3d 1044, 1045–46 (8th Cir. 1998) (concluding habeas petition should have been dismissed without prejudice, in part, because "Carmichael essentially conceded his claims were not exhausted"))). Magistrate Judge Wollmann has recommended granting the motion and dismissing the petition given Roberts's failure to exhaust, as detailed above. Doc. 11.

This Court reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or

5

recommendations to which objection is made." The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. However, "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)). This Court has conducted a de novo review of the record and Roberts's objections.

This Court adopts the recommendation of Magistrate Judge Wollmann and overrules Roberts's objection. The record clearly establishes that Roberts has not exhausted available state court remedies for his § 2254 claims and has not satisfied the exhaustion requirement of § 2254(b)(1)(A). Roberts's objection does not overcome, or truly dispute, the fact that he has not fully exhausted his state remedies. Even if Roberts's latest unsupported assertion that his state habeas petition has been both filed and denied by the state court is true, see Doc. 13, that state petition, if the circuit judge has issued a certificate of probable cause, may still be reviewed by the Supreme Court of South Dakota. See S.D.C.L. § 21-27-18.1 (detailing review by Supreme Court of final judgment or order on state habeas petition with certificate of probable cause that an appealable issue exists as well as the ability of petitioner to "file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal").[4] "Filing a petition for writ of habeas corpus in state court and in the South Dakota Supreme Court simultaneously with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 does not constitute exhaustion of state remedies." Carter v. South Dakota, No. 4:23-

---

[4] In addition, without the actual state court petition to review, this Court cannot determine which of Roberts's claims have been presented to and exhausted before the state court.

6

CV-04037, 2023 WL 7530775, at *2 (D.S.D. Nov. 13, 2023). This Court further agrees with Magistrate Judge Wollmann's conclusion that Roberts had not demonstrated cause or prejudice or a fundamental miscarriage of justice qualifying for an exemption to exhaustion. See Doc. 11 at 7. Because Roberts has not exhausted his available state remedies, Respondent's motion to dismiss, Doc. 9, is granted, and Roberts's § 2254 petition is dismissed without prejudice to refiling once he fully exhausts his state court remedies.

## III.    Conclusion

For the foregoing reasons, it is hereby

ORDERED that the Report and Recommendation, Doc. 11, is adopted. It is further

ORDERED that Roberts's Objection, Doc. 12, is overruled. It is further

ORDERED that the Respondent's Motion to Dismiss, Doc. 9, is granted. It is further

ORDERED that Roberts's Petition, Doc. 1, is dismissed without prejudice.

DATED this 16th day of June, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE